UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAENDA MANUELA,<br><br>                    Plaintiff,<br><br>-against-<br><br>TOWER AUTO MALL, INC.,<br><br>                    Defendant. | 24-CV-6668 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in the Bronx, New York, brings this *pro se* action arising out of a consumer transaction between Plaintiff and Defendant Tower Auto Mall, Inc., which is located in Queens County, New York.[1] Plaintiff invokes the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667, as a basis for this Court's jurisdiction. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims under TILA, which is 28 U.S.C. § 1391(b), such claims may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant,

---

[1] On September 10, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*.

resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff provides a Queens County address for Defendant. Based on this information, venue does not appear to be proper in this judicial district under Section 1391(b)(1). Queens County lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, it would appear that Defendant resides in that judicial district, not within this judicial district.[2] Venue also does not appear to be proper in this judicial district under Section 1391(b)(2). The allegation that Plaintiff submitted an application to purchase a car at Defendant's Queens County location does not suggest that any events giving rise to Plaintiff's claims took place in this judicial district. Because the events giving rise to Plaintiff's claims occurred in Queens County, within the Eastern District of New York, venue would be proper under Section 1391(b)(2) in the United States District Court for that judicial district.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

Under Section 1404(a), transfer of this action appears to be appropriate. Defendant resides in Queens County where the events giving rise to Plaintiff's claims occurred. It is reasonable to expect that all relevant documents and witnesses would be in Queens County, within the Eastern District of New York. The Eastern District of New York thus appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This order closes the case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:    September 23, 2024
              New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge